# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ALBERTO EUDAVE,<br><br>    Petitioner,<br><br>    v.<br><br>HATTON,<br><br>    Respondent. | Case No. 1:18-cv-00943-EPG-HC<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 3) |

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a request for appointment of counsel. (ECF No. 3).

    There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

///

1

Upon review of the petition, the Court finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel (ECF No. 3) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **September 12, 2018**

/s/ *Erin P. Grosjean*
UNITED STATES MAGISTRATE JUDGE